USDC IN/ND case 1:23-cv-00335-ALF-SLC document 3 filed 06/29/23 page 1 of 7

02D01-2306-CT-000460
Filed: 6/29/2023 2:56 PM
Clerk
Allen Superior Court 1
Allen County, Indiana
BB

| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

| JAVARIS J. DERRICK, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEW GENERATION | ) |
| MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant that:

1. The Plaintiff is Javaris J. Derrick, an African-American/Black individual who alleges that he was discriminated against, retaliated against, and terminated due to his race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981.

2. The Defendant is New Generation Management, Inc., d/b/a Keller Development, a corporation authorized to do business in the State of Indiana, and does so at 4530 Merchant Road, Fort Wayne, Indiana 46818. Defendant's Registered Agent is Edward E. Keller, III. Defendant is an "employer" for purposes of Title VII and 42 U.S.C. § 1981.

3. Plaintiff filed EEOC Charge of Discrimination No. 470-2022-02297 on March 31, 2022, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights to Sue on March



31, 2023, and this Complaint has been filed within ninety (90) days after receipt thereof.

4. Plaintiff alleges that he was discriminated against, retaliated against, and discharged on account of his race and color for the reasons set forth in Exhibit "A". Plaintiff incorporates herein all factual allegations set forth in Exhibit "A".

5. Plaintiff suffered a hostile work environment in that his Caucasian Supervisor verbally abused him, referred to him as a "nigger", and Plaintiff objected to the usage of this racial slur and told his Supervisor that it was extremely offensive.

6. The Supervisor and other members of management refused to train Plaintiff and showed preferential treatment to Caucasians with respect to their training. Defendant then used the fact that Plaintiff seemingly had performance problems, because of not having adequate training, as an excuse to terminate Plaintiff.

7. Plaintiff was terminated for false and pretextual reasons – that he had "been a problem" from the beginning. However, Plaintiff had never been issued a "write-up" and Defendant's reason was false and fictitious.

8. As a direct and proximate result of Defendant's discrimination and retaliation, Plaintiff suffered the loss of his job and job-related benefits including income. Plaintiff also suffered emotional distress, mental anguish, humiliation, embarrassment, and other damages and injuries for which he seeks compensatory damages.

9. Defendant's conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory

damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:         cmyers@myers-law.com
Counsel for Plaintiff

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2022-02297 |

Equal Employment Opportunity Commission and EEOC

*State or local Agency, if any*

Indianapolis District Office
RECEIVED 03/31/2022

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Javaris J. Derrick | (260) 579-6251 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1412 E Lewis St | Fort Wayne, IN 46803 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| New Generation Management, Inc d/b/a Keller Development, | 16+ | (260) 497-9000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4530 Merchant Road # 1256 | Fort Wayne, IN 46818 |

Registered Agent

Edward Keller

| Street Address | City, State and ZIP Code |
|---|---|
| 4530 Merchant Road | Fort Wayne, IN 46818 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☒ COLOR  ☐ SEX Pregnancy  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ Other:

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10/25/2021   Latest: 01/10/2022
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*

I. The Complainant is Javaris J. Derrick, a qualified black/African American employee of the Respondent's at all material times of this Charge. The Complainant contends that the Respondent discriminated against and/or retaliated against him on the basis of his color/race, in violation of the Complainant's federally protected rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000 (e) et seq. ("Title VII") (as well as 42 U.S.C § 1981).

II. The Respondent is New Generation Management Inc, d/b/a/ Keller Development, a company doing business at 4530 Merchant Road, Fort Wayne, IN 46818. At all material times to this Charge, the Respondent was an "employer" for the purposes of Title VII (and § 1981).

III. The Complainant was employed by the Respondent from on or about October 23, 2021 until his wrongful termination on or about January 10, 2022. He performed within the reasonable expectations of the employer at all material times. The Complainant held the position of maintenance worker, at the time of separation from employment.

Continue on Page 2

Ex. A

IV. When the Complainant was first hired by the Respondent, he informed the Respondent that he did not have particular training regarding maintenance, but was willing to learn if hired into a maintenance position. With the understanding and agreement that the Respondent would be providing him training, the Plaintiff began working as a maintenance employee.

V. During the Plaintiff's employment, his white supervisor verbally abused him, and referred to him by the racial slur "N-gger". Shortly after the Complainant began his job, the supervisor, while speaking with the Complainant about his own life, utilized the slur. The Complainant objected and informed the supervisor that use of the term was extremely offensive.

VI. In spite of the Respondent's representation to the Complainant that the Respondent would provide him training that was relevant to his work, throughout the Complainant's employment this never actually took place.

VII. At one point the Complainant contacted his supervisor seeking assistance with an issue with which, that because the Complainant hadn't been trained, the Complainant needed assistance. The supervisor failed to answer the Complainants questions, and instead cussed the Complainant out.

VIII. The Complainant was treated less favorably than the non- black employees' same. The supervisor however did not typically curse out the non-black/non-African American employees when they requested assistance or help, and provide them assistance when requested. On the day the Complainant was terminated, he contacted his supervisor (Mikey) to request assistance with an electrical issue that Complainant had not been trained to do nor was he certified to do electrical. His supervisor told him to, "use your f-cking head...it's common sense...or YouTube tutorials." This is not the response that non-black/non-African American employees would receive.

IX. On the date that the Complainant was terminated, Stephanie with Corporate accused the Complainant of being" a problem from the start". This was in spite of the fact that Claimant had not received any disciplinary actions, always came to work with a positive attitude, and anxious to learn. The Complainant responded to the supervisor's false allegation by pointing out that though the supervisor had called the Complainant the "N- word" in the past the Complainant still treated the supervisor with respect. Complainant also pointed out the fact that he himself had not received the training that the employer had promised to provide him.

X. The proffered reason given to the Complainant for his termination was "he's been a problem".

XI. The Complainant contends that the proffered reasons for termination was false and pretextual, and that in reality the Respondent discriminated against, retaliated against, and wrongfully terminated

Continued on Page 3

the Complainant on the basis of his color/race (black/African American), in violation of the Complainant's federally protected rights under Title VII (and § 1981).

XII. The Respondent's unlawful discriminatory and/or retaliatory conduct was the direct and proximate cause of the Complainant suffering the loss of his job and job-related benefits including income, and also subjected the Complainant to inconvenience, mental anguish, emotional distress, and other damages and injuries. The Complainant is entitled to seek compensatory damages and reasonable attorney fees and cost from the Respondent.

XIII. The Respondent's discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's federally protected rights under Title VII (and § 1981). The Complainant is entitled to seek punitive damages against the Respondent.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3/31/2022          Javaris Derrick
Date          Charging Party Signature

NOTARY — When necessary for State and Local Agency Requirements

Lori K. K[olb]

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT  Javaris Derrick

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

3-31-2022

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Indianapolis District Office
101 West Ohio St, Suite 1900
Indianapolis, IN 46204
(463) 999-1240
Website: www.eeoc.gov

## **DETERMINATION AND NOTICE OF RIGHTS**
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/31/2023

**To:** Javaris J. Derrick
1412 E. Lewis Street
Fort Wayne, IN 46803

Charge No: 470-2022-02297

EEOC Representative and email:     ANDREA DAYHARSH
Enforcement Supervisor
andrea.dayharsh@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 470-2022-02297.

On behalf of the Commission,

Digitally Signed By:Michelle Eisele
03/31/2023

Michelle Eisele
District Director

Ex. B